McNEIL et al. v. LEWIS.

(Court of Civil Appeals of Texas. Galveston. Feb. 23, 1912.)

1. INTOXICATING LIQUORS (§ 88*) — CIVIL DAMAGES — ACTIONS — EVIDENCE — ADMISSIBILITY.

Under Acts 31st Leg. c. 17, § 15, requiring a liquor dealer to give a bond conditioned not to sell liquor to any habitual drunkard after notice in writing through a peace officer by the wife of the drunkard not to sell to him, a wife suing on the bond may prove that the dealer was notified not to sell by the direct testimony of the officer giving the notice.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 91–95; Dec. Dig. § 88.*]

2. APPEAL AND ERROR (§ 1052*) — HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.

The error in admitting evidence on a trial before the court is harmless, where the court disregards it in finding the facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

3. INTOXICATING LIQUORS (§ 86*) — CIVIL DAMAGES—SALE OF LIQUOR TO HABITUAL DRUNKARD—NOTICE—TIME OF SERVICE.

A bond of a liquor dealer conditioned, as required by Acts 31st Leg. c. 17, § 15, that he will not sell liquor to any habitual drunkard after having been notified in writing by the wife of the drunkard not to sell to him, is breached by a sale made at any time, however short, after notice has been given in the statutory manner.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 89; Dec. Dig. § 86.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

4. INTOXICATING LIQUORS (§ 88*) — CIVIL DAMAGES—ACTIONS—EVIDENCE.

In an action on a liquor dealer's bond for the selling by the dealer of liquor to an habitual drunkard after a written notice by his wife through a peace officer not to sell, the evidence *held* to sufficiently show that written notice had been given by the wife to the dealer through an officer, justifying a recovery.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 91–95; Dec. Dig. § 88.*]

Appeal from Hardin County Court; Jno. L. Little, Judge.

Action by I. J. Lewis against J. D. McNeil and another. From a judgment for plaintiff, defendants appeal. Affirmed.

W. E. Adams, and B. L. Aycock, for appellants. D. F. Singleton, for appellee.

McMEANS, J. Appellee, I. J. Lewis, brought this suit against J. D. McNeil, a dealer in malt liquors, and the Southwestern Surety Insurance Company, as surety on his liquor dealer's bond, to recover $500 for the infraction of that condition of the bond which provides that the appellant, his agent or employé, "will not sell or permit to be sold in his * * * house or place of business, or give or permit to be given, any spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication to any * * * habitual drunkard, after having been notified in writing through the sheriff or other peace officer by the wife, father, mother, daughter or sister of such habitual drunkard * * * not to sell to any such persons. * * *" Plaintiff alleged the due execution by defendants of a liquor dealer's bond, its approval by the county judge, and its due recordation; that her husband, S. A. Lewis, was an habitual drunkard; and that on December 24, 1910, she had caused a written notice to be served upon appellant J. D. McNeil, by A. D. Lindsey, a constable of Hardin county, notifying him not to give, sell, or permit to be given or sold to her said husband, S. A. Lewis, any liquor, beer, or anything that would produce intoxication. She then alleged that after the service of said notice on said McNeil, he, on the same day, did, in his place of business, give and sell and permit to be given and sold to her husband, S. A. Lewis, malt liquor capable of producing intoxication. Each defendant answered by general demurrer and general denial. The case was tried by the court without a jury and resulted in a judgment for plaintiff for $500, from which defendants have appealed.

By their first assignment of error appellants complain of the action of the court in permitting plaintiff to prove by the constable that he had served the appellant with the written notice not to sell or give, etc., to plaintiff's husband intoxicating liquor; their contention being that the "constable's return was the better evidence, if any, of service of written notice on J. D. McNeil."

[1] Section 15 of chapter 17, Acts of the 31st Legislature (1909), provides that any person desiring to engage in the sale of spirituous, vinous, or malt liquors, etc., shall enter into a bond containing many conditions; one of the conditions being that the dealer will not sell or permit to be sold in his place of business, nor give or permit to be given any spirituous, vinous, and malt liquors, etc., to any habitual drunkard, after having been notified in writing through the sheriff or other peace officer by the wife, father, mother, daughter, or sister of such habitual drunkard not to sell to such person. The law requires that the dealer shall be notified in writing, "through the sheriff or other peace officer," but does not otherwise provide how the notice shall be given, whether by delivering the notice to the dealer in person, or by reading it to him. Certainly there is nothing in the statute to require the officer to indorse his "return" on the notice or a copy of the notice, nor does it provide that such notice shall be returned to any court or person. We think, therefore, that the proper method of proving that the dealer had been notified in writing by the wife not to sell intoxicating liquor to her husband was the one adopted by the plaintiff in this case, viz., proving the fact by the direct testimony of the officer himself. The assignment is overruled.

[2] The second assignment complains of the action of the court in admitting in evidence, over defendants' objection, the testimony of the plaintiff that she had verbally notified the appellant McNeil not to sell intoxicating liquor to her husband.

This testimony was not proper. However, the case was tried by the court without a jury, and to the bill of exception taken by appellants to the admission of the evidence in question the court appended this qualification: "The foregoing bill is granted with the explanation that the court did not take into consideration the evidence of Mrs. Lewis of any verbal notice or notices given by her to defendant." In view of this statement by the court, it appears that the admission of the evidence was not prejudicial to appellants, and the error in admitting it was harmless.

[3] The third assignment complains that the court erred in not sustaining appellants' motion in arrest of judgment for the reasons stated in the second ground thereof, which is that the alleged sale of the beer to plaintiff's husband was on the same day the notice not to sell to him was given, "and there was no waiver by defendants of the time allowed by the Constitution and laws for taking cognizance of such alleged notice."

There is no merit in this contention. The law does not provide that the condition of the bond is not violated if the sale is made before a certain time has elapsed after the

notice has been given, but the bond is breached if the sale is made at any time, however short it may be, after the notice has been given in the manner provided by law. The authorities cited and relied upon by appellants do not sustain their contention. Most of them have reference to a state of affairs where the law requires a certain number of days' notice to be given a party, and whose rights or status cannot under the law be affected until the time has expired, such, for instance, as the number of days before the beginning of the term of a court that a defendant must be served with citation before he can be held to answer or a judgment by default against him will be authorized.

[4] The fourth assignment, which is submitted as a proposition, is that "the court erred in rendering judgment for plaintiff; there being no written notice produced in evidence or read in evidence, or contents proven."

We think the following, copied from the statement of facts, and the court's qualification of defendants' bill of exception No. 1, is a sufficient answer to the assignment: The constable A. D. Lindsey, testified: "I am acquainted with the plaintiff, I. J. Lewis, and the defendant J. D. McNeil. I know S, A. Lewis, the husband of I. J. Lewis. On the 24th day of December, 1910, I served a written notice on J. D. McNeil which was signed by I. J. Lewis" (and notified him not to sell her husband, S. A. Lewis, intoxicating liquor). Counsel for plaintiff here hands to witness a paper and asks witness if he served that notice on defendant McNeil. The defendant made the objection that the return on the notice was the better evidence, which objection was by the court overruled, and the witness answered: "Yes, I served the notice on the 24th day of December in the year 1910, about 10:20 o'clock a. m. * * *" During the argument, over the objection, the paper, which had been handed to the witness, was handed to the court, was read and examined by the court. The said notice having been passed back to the witness Lindsey, he continued to testify and said: "I gave to McNeil a copy of this notice. This was at his place of business, his beer joint at Saratoga, Tex." The court appended to defendants' bill of exception No. 1 the following: "The above bill is allowed with the following explanation and qualification: I have no distinct recollection about the notice served by the constable on defendant being formally introduced in evidence. It was presented to the court for his inspection and was examined by the court, and was considered by the court as in evidence; the trial being before the court without a jury." It will be observed that the constable, while testifying, was handed a paper, purporting to be a copy of a notice in writing from plaintiff to de-

fendant McNeil not to sell her husband intoxicating liquor, and, in answer to a question, stated that he had served the notice, giving the day and hour in which the notice was served. He had previously stated that he had served a notice on McNeil, signed by plaintiff, which notified him not to sell her husband intoxicating liquor, and this testimony was not objected to. The case being before the court, we think it sufficiently appears that written notice was given by plaintiff to the defendant McNeil, through a peace officer, not to sell intoxicating liquor to her husband. The assignment is overruled.

The fifth assignment is too vague and general to warrant consideration by this court.

The seventh assignment is sufficiently disposed of by the answer we have made to the fourth assignment.

The sixth assignment complains that the court erred in rendering judgment against defendants on the whole evidence, and the tenth complains that the judgment is against the great preponderance of the testimony, in that it shows that S. A. Lewis was not an habitual drunkard.

We have carefully examined the testimony in the record and conclude therefrom that the judgment was in every aspect of the case warranted by the evidence. We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.